IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 19-403 |
| JAMES STROHM | : | |
| | : | |

McHUGH, J.                                                                                                    March 5, 2021

### MEMORANDUM

Defendant James Strohm moves to expand the time for filing a notice of appeal. For the reasons that follow, his motion will be denied.

Mr. Strohm was sentenced on January 6, 2021, having previously pleaded guilty to various offenses involving child pornography. He was represented by highly capable privately retained counsel, and his plea agreement contained the usual waivers of the right to appeal. The sentence imposed was in the middle of the Guideline range. At the end of the sentencing hearing, defense counsel advised Mr. Strohm, on the record, of his right appeal, including the applicable deadline, and offered to preserve his appeal rights. Counsel further advised his client that if he could no longer afford to pay counsel, counsel would be appointed. (Transcript, ECF 42, p. 65).

This Court received notice on February 11, 2021, by mail postmarked that same date, that Mr. Strohm sought to appeal. ECF 44.

As a general matter, a criminal defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment or order being appealed, See Fed. R. App. P. 4(b)(1)(A).  Because Defendant was incarcerated at the Philadelphia Federal Detention Center (FDC) and made his filing pro se while incarcerated, his submission is governed not only by the deadline calculation of Rule 4(b), but also by the terms of Rule 4(c). The controlling question is when did an inmate initiate the filing via use of the prison mail system.

A defendant can establish that in two ways: by filing a declaration in compliance with 28 U.S.C. Section 1746–-or a notarized statement--setting out the date of deposit and stating that first-class postage was prepaid; or by submitting evidence (such as a postmark or date stamp) showing that the notice was timely deposited with postage prepaid. Fed. R. App. P. 4(c)(1)(A). Mr. Strohm has not done so, and nothing in the record would support the conclusion that his notice was timely filed.

If the Government objects, an untimely appeal must be dismissed.  *United States v. Muhammud,* 701 F.3d 109, 111 (3d Cir. 2012).   Under Federal Rule of Appellate Procedure Rule 4(b)(4), a district court may grant relief notwithstanding the Government's objection, if the court finds "excusable neglect or good cause."  I find neither here.

    /s/ Gerald Austin McHugh
United States District Judge